Helen M. Dixon
vs.          Eq. No. 8771
Starr L. Booth

June 6, 1928.

BAKER, J.   This bill is brought to enjoin the foreclosure of a mortgage for $3,500, dated October 15, 1924, and given by the complainant to the respondent on certain property located in the Town of East Providence.

The mortgage in question contains the following provision:

"PROVIDED    NEVERTHELESS, and this conveyance is made upon this express condition, that if the said mortgagor, her heirs and assigns, shall provide a comfortable home for said mortgagee, for and during his natural life, supplying all needful lodging, board, clothing, medical attendance, medicine, nursing and whatever other care or supply, though not herein specifically mentioned, may be necessary for said mortgagee's well being, and at his decease to defray the expenses of funeral, then this deed as also a bond of even date herewith, shall upon the decease of said mortgagee become and be absolutely void to all intents and purposes whatsoever."

The determination of the case depends largely upon the proper construction to be given the above condition after considering all the testimony. The portion of the mortgage relating to the matter of default is perhaps not drawn with the utmost clearness and accuracy, but the Court believes that taking the whole instrument together the meaning of the parties is plain and should be given effect.

The complainant contends that she has fulfilled all the conditions of the mortgage in question and that the respondent left the premises in July, 1927, without any justifiable cause. She also offers to continue to perform her portion of the agreement between the parties as set out in said mortgage. In reality the bill in this case is one for specific performance in a negative form.

The respondent, on the other hand, claims that the complainant has broken the conditions of the mortgage and that there is such a default as would justify him in foreclosing. He urges that he had a right to leave the house by reason of the improper conduct of the complainant, in some instances amounting to cruelty and physical violence towards him, and that in addition he has been compelled to pay various sums of money for the support of himself and the house ever since the mortgage was executed.

The evidence as produced by the witnesses shows the respondent to be now about 86 years of age, quite deaf and somewhat feeble. The complainant, who is a widow with a daughter 12 years of age, met the respondent some few years ago when he was living in Bristol and for a time kept house for him there. Later the property in Bris-

tol was sold—the respondent says at the solicitation of the complainant and the complainant says by mutual understanding and agreement because the house was damp—for about $4,000, and eventually the property in East Providence was purchased and title was taken in the name of the complainant, she putting in $1500 toward the purchase price and the respondent $3500, and for his protection the mortgage in question was taken.

A careful consideration of the testimony by the Court leads it to the conclusion that the complainant maintained a clean, comfortable house in which the respondent could live. In fact, he himself testifies in substance that the complainant was a fine cook and a good housekeeper. She also looked after him more or less when he was ill. It is quite evident that the respondent and the complainant's daughter did not get along well together and undoubtedly there were numerous occasions when there was more or less bickering and unpleasant talk. In this sense possibly the home was not comfortable. Taking the whole situation, however, the Court is reasonably satisfied that as far as material wants were concerned the respondent was well looked after.

The respondent has made complaint of being assaulted several times and of being cruelly treated. He also says that on occasions he was purposely fed an improper diet for one in his condition. It strikes the Court that the testimony of Dr. Platt, his physician, shows fairly clearly the respondent's condition. He is described by the doctor—and after having seen him the Court is inclined to agree—as a man who, because of his advanced age and physical condition, is a bit childish although not in any way senile, who is easily upset by little things, cries readily and is mildly hysterical, and whose mind is somewhat sluggish. The complainant

in her testimony offers a reasonable explanation of some of the incidents referred to by the respondent. The testimony of Mrs. Bennett, a neighbor, would seem to show that he was not seriously ill-treated.

After weighing all the testimony in connection with the charges of cruelty, and keeping in mind the temperament and the condition of the respondent, the Court finds that the respondent was given reasonable care by the complainant and was not maltreated.

The conditions of the mortgage in question called upon the complainant to supply all needful lodging, board, clothing, medical attendance, medicine, nursing and the like. The testimony shows conclusively that from the very beginning the respondent continued to pay substantial sums of money for the support of the house. For example, he paid the bills for coal, gas, light and water, and also certain bills at stores in Providence. Further, at the beginning of the arrangement he paid the complainant $40 a month and later $60 a month, apparently for his board. He also took care of all bills for medicine and medical attention.

The Court believes that the ordinary construction placed upon such an arrangement as these parties entered into, where the one who is very aged and infirm places a sum of money in the hands or in the control of the other party, is that the one receiving the money or the benefit therefrom undertakes to care for, without further expense, the person advancing the money, on the theory that probably such an arrangement in the natural course of events would be of short duration.

The Court is of the opinion that such is the proper construction to be given the provisions of the mortgage in question. See also the testimony of Mr. Schofield, who was present when the mortgage was executed.

The answer of the complainant to this contention is that these sums were

paid freely by the respondent. He, however, testifies that he made these payments to keep peace and to keep a home, as he had no other place to go, and that in some instances the payments were made under what might almost be termed compulsion. It is undisputed that all the checks were drawn by the complainant, the respondent merely signing his name to them.

It is true that the testimony shows that apparently the respondent never made any definite demand upon the complainant for the furnishing of the services called for in the mortgage, but considering the situation of the parties and the respondent's desire to live peaceably and comfortably without argument and trouble, the Court is inclined to believe that he was, under all the circumstances of this case, excused from making such demand. It should be borne in mind that the complainant is a vigorous, strong-willed, determined woman, and the respondent very aged, somewhat deaf, and that possibly he did not understand the full import of the agreement into which they had entered. The evidence shows beyond dispute that the respondent was not getting much benefit or consideration from the mortgage. He was paying for practically everything he was receiving. There is in the case no credible evidence that the Humphreys, with whom the respondent is now living, caused or brought about his departure from the complainant's house. In fact, after seeing the witnesses and hearing the testimony, it is borne in upon the Court's mind that the complainant was not averse to obtaining from the respondent in various ways such money as she could.

The Court finds that there has been default in the conditions of the mortgage in that the complainant failed to supply for the respondent during his natural life all needful lodging, board, clothing, medical attendance, medicine, and so forth, as called for in the mortgage, and that such default would justify the respondent in bringing foreclosure proceedings.

As to the issues of fact, the Court will answer issues 1, 3 and 4, no; and issues 2 and 5, yes.

The prayer of the bill is denied and the bill is dismissed.

For complainant: Everett D. Higgins.

For respondent: Edward L. Leahy, Thomas J. McGauley.